UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re:                                               Chapter 11

EARLE S. GREER,                                      Case No. 18-18146-elf

           Debtor.

## EARLE S. GREER'S AMENDED PLAN OF REORGANIZATION, DATED November 7, 2019

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Earle S. Greer (the "Debtor") from the cash flow from operations of rental property.

This Plan provides for:
    0 class of priority claims;
    2 classes of secured claims;
    0 classes of non-priority unsecured claims;
    2 classes of unsecured creditors; and
    0 class of equity security holders.

Non-priority unsecured creditors holding allowed claims will a pro rata percentage of their allowed claims based upon the disposable income of the Debtor as estimated. This Plan also provides for payments of administrative claims in full on the effective date of the Plan or as otherwise agreed to, and payment of priority claims to the extent permitted by the Code, unless the holder of such claim agrees to different treatment.

All creditors and equity security holders should refer to Article III through VI of this Plan for information regarding the precise treatment of their claim" A disclosure statement that provides more detailed information regarding the Plan and the rights of creditors and equity holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

# ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

| | | |
|---|---|---|
| 2.01 | **Class 1.** | Consensual Secured Claims of $1,164,001, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.02 | **Class 2.** | Nonconsensual Secured Claims of $362,694, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.03 | **Class 3.** | All non-priority unsecured claims allowed under § 502 of the Code. |
| 2.04 | **Class 4.** | All Vendor and Consensual General Unsecured Creditors $1,329,578, to the extent allowed. |
| 2.05 | **Class 5.** | All General Unsecured Litigation Creditors of to the extent allowed. |
| 2.06 | **Class 6.** | Interests of the individual Debtor in property of the estate. |

# ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, PRIORITY TAX CLAIMS, AND QUARTERLY AND COURT FEES

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(l), administrative claims and priority tax claims are not in classes. |
| 3.02 | **Administrative Expense Claims** | Each holder of an allowed administrative expense claim allowed under § 503 of the Code, will be paid in full on the effective date of the Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| 3.03 | **Priority Tax Claims** | Each holder of an allowed priority tax claim will be paid in accordance with § 1129(a)(9)(c) of the code. |
| 3.04 | **Statutory Fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective Quarterly Fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the Effective Date. |

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

**4.01 Claims and interests shall be treated as follows under the Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1<br>Consensual Secured Claims | Impaired | Class 1 is impaired by this Plan, and each holder of a Class 1 claim will receive monthly payments pursuant to the loan documents, and make periodic payments toward arrearages, if any, until paid in full. PNC will receive $31 for 50 months. |
| Class 2<br>Nonconsensual Secured Claims | Impaired | Class 2 is impaired by this Plan, and each holder of a Class 2 claim will receive regular installments paid over a period not exceeding 10 year period from the order of relief. Water Revenue Bureau being paid $1060 for 110 months totaling $116,622.33. City of Philadelphia being Paid $2,610 for 50 months totaling $130,504. Delaware Co Tax Claim Bureau being paid $1050 for 110 months totaling $115, 568 |
| Class 3<br>Priority Unsecured Claims<br>Unsecured Creditors | NA | The Debtor is unaware of any Class 3 claims; However, to the extent that any Class 3 exist they are unimpaired and each holder will be paid in a manner consistent with §1129(a) of the Code |
| Class 4<br>Vendor and Consensual Unsecured Creditors | Impaired | Class 4 is impaired by this Plan. Debtor will make periodic payments on a pro rata basis over a five year period commencing 11/10/2024 in the amount of $1,659 for 60 months totaling $99,540. Cornerstone Bank is being paid outside of the plan by mortgagee. |
| Class 5<br>General Unsecured Litigation Creditors | NA | Class 5 is impaired by this Plan. Any Class 5 claim will be disputed and subject to appeal which the Debtor will seek relief from the automatic stay to prosecute. To the extent the appeal is successful. Class 5 creditors will receive nothing. To the extent the appeal is unsuccessful. Class 5 creditors will receive a pro rata distribution as an allowed unsecured claim. |
| Class 6<br>Interest of Individual | | Class 6 is unimpaired by this Plan. All equity holders shall retain their equity post-confirmation, in exchange for elimination |

3

Debtor of any outstanding prepetition loan payable, upon contributions of money of the Debtor, and contribution of money's worth of the Debtor's continued operations of his business.

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 **Disputed Claims** A disputed claim is a claim that has not been allowed or disallowed, by a final non-appealable order, and as to which either:
(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 **Claim Objections** Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtor reserves the right to object to claims and shall file objections on or before sixty (60) days from the effective date of the order confirming the Debtor's Plan.

5.03 **Delay of distribution on a disputed claim** No distribution will be made on account of a disputed claim unless such claim is allowed by final non-appealable order.

5.04 **Settlement of disputed claims** The Debtor will have the power and authority to settle and compromise a disputed claim with court and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 **Assumed executory contracts and unexpired leases** (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:

2101 S. 68th St., Philadelphia, PA

2403 S. Edgewood St., Phila., PA
2510 Bonnaffon Street, Philadelphia, PA
2536 Bonnaffon Street, Philadelphia, PA
6856 Guyer Ave. Philadelphia, PA
5237 Race St, Philadelphia, PA
5711 Reedland Street, Philadelphia, PA
418 S. 3rd St. Colwyn, PA
1339 Narragansett St., Philadelphia, PA
1508 Rainer Rd., Brookhaven, PA
735 S. Cecil St., Phila, PA
5107 Folsom St., Phila., PA
21 N. Edgewood St., Phila, PA
137 N Ruby St., Phila., PA
1328 Wycombe Ave, Darby, PA
5715 Reedland St., Phila., PA

assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming the Plan.

# ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

Payments and distributions under the Plan will be funded by the following: income from the current rental properties; income from the remaining renovated properties; sales of any real properties as the Debtor determines in his business judgment; and recoveries from the Debtor's accounts receivable.

# ARTICLE VIII
## GENERAL PROVISIONS

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: n/a |
| 8.02 | **Effective Date** | The effective date of this Plan is 10/11/2019. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Pennsylvania govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in |

8.07 **Retention of Jurisdiction**

this Plan.

The Court shall retain jurisdiction of the case after the Confirmation Date for the following purposes: (a) to determine any and all objections in the allowance of claims and amendments to schedules; (b) to classify the Claim of any Creditor and to re-examine Claims which have been allowed for purposes of voting, to determine such objections as may be filed to Claims; (c) to determine any and all disputes arising under or in connection with the Plan, including, but not limited to, disputes related to Contributed Income, any default remedies granted herein, and the sale of any of the Debtors' assets, collection or recovery of any assets; (d) to determine any and all applications for allowance of compensation and reimbursement of expenses herein for fees incurred through the Confirmation Date; (e) to determine any and all pending applications for rejections of executory contracts and unexpired leases and the allowance of any claims resulting from the rejection thereof or from the rejection of executory contracts or unexpired leases pursuant to the Plan; (f) to determine any and all applications, adversary proceedings and contested and litigated matters pending in the case as of, or after, the Confirmation Date; (g) to determine any and all proceedings for recovery of payments pursuant to any Cause of Action;

(h) to modify any provision of the Plan to the full extent permitted by the Bankruptcy Code; (i) to correct any defect, cure any omission or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purposes, intent and effect of the Plan; (j) to determine such other matters which may be provided for in the Confirmation Order as may be authorized under the provisions of the Bankruptcy Code; (k) to hear and enter an order regarding any Claims under Section 505 of the Bankruptcy Code; (l) to enter any order, including injunctions, necessary to enforce the terms of the Plan, the powers of the Debtor under the Bankruptcy Code, this Plan and as the Court may deem necessary; and
(m) over the Causes of Action.

## ARTICLE IX
## DISCHARGE

Confirmation of this Plan does not discharge any debt provided for in this Plan until the Court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE X OTHER PROVISIONS

A.  Injunction

*ALL UNSECURED CREDITORS OF THE DEBTOR, AS OF THE PETITION DATE, SHALL BE ENJOINED FROM COMMENCING OR CONTINUING ANY ACTIONS, IN LAW OR EQUITY, THAT WERE OR COULD HAVE BEEN BROUGHT AGAINST THE DEBTOR. AS A RESULT OF CONFORMATION OF THIS PLAN, ALL CLAIMS, WHETHER SCHEDULED OR FILED, AND CAUSES OF ACTION AGAINST THE DEBTOR ARE RELEASED.*

Respectfully submitted,

/s/ Earle Stanley Greer
Earle Stanley Greer, Plan Proponent

/s/ Valerie A. Hibbert
Valerie A. Hibbert, Esquire

4813-3716-7248